NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANGELA P. SEWARD,<br><br>    Plaintiff,<br><br>        v.<br><br>STATE OF NEW JERSEY DIVISION ON CIVIL RIGHTS; CHINH Q. LE, DIRECTOR; ELIZABETH RUSSIAN, HOUSING UNIT MANAGER; MICHAEL AYLES, INVESTIGATOR, HOUSING UNIT; SOUTHBROOK GARDENS APARTMENTS; GOLD ENTERPRISES-PROPERTY MANAGEMENT; and KIA PARADA,<br><br>    Defendants. | Civil Action No.:<br>11-1143 (PGS)<br><br>MEMORANDUM AND ORDER |

SHERIDAN, U.S.D.J.

This matter comes before the Court on the defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). In her Complaint, plaintiff Angela P. Seward alleges that the defendants violated her civil rights. Defendant Southbrook Gardens Apartments filed its motion to dismiss on June 6, 2011 [Docket Entry No. 15] and the State of New Jersey Division on Civil Rights subsequently filed its own motion to dismiss [Docket Entry No. 35]. For the reasons set forth below, both defendants' motions to dismiss are granted.

I

In August, 2007, plaintiff Angela P. Seward ("Plaintiff") received a Section 8 Housing Voucher ("Section 8 Voucher") from the Middletown Housing Authority. The Middletown Housing Authority is one of several local housing authorities which operate the Section 8 Housing Choice Voucher Program ("Voucher Program"), a federal program providing rent

subsidies to lower-income individuals and families to obtain adequate housing.

On June 8-9, 2009, Plaintiff applied for a rental property from defendant Southbrook Gardens Apartment ("Southbrook"). Southbrook leasing agent Kia Parada engaged Plaintiff in a process to rent a Southbrook apartment using her Section 8 Voucher. Plaintiff submitted a rental application, $35 application fee, and a copy of her Section 8 Voucher to Parada. Additionally, Parada checked Plaintiff's credit report. Plaintiff alleges that Parada told her that her rental would be ready by July 1, 2009. On June 19, 2009, Plaintiff received a letter from Salem Management Companies ("Salem"), Southbrook's managing entity, informing Plaintiff that she had been denied a Southbrook rental due to her credit report.[1]

On August 24, 2009, Plaintiff requested that the New Jersey Division on Civil Rights ("DCR") Housing Unit file, on her behalf, a complaint of housing and race discrimination within the meaning of the New Jersey Law Against Discrimination ("NJ LAD") against Southbrook, Salem, and Parada.  DCR investigator, Michael Ayles investigated Plaintiffs complaint against Southbrook, Salem and Parada. On October 28, 2009, the Director of the DCR Housing Unit, Chinh Q. Le, issued his "findings of the investigation." In a letter directed to Plaintiff, Le stated that the investigation had not yielded probable cause and informed Plaintiff of her right to appeal the DCR's decision to the New Jersey Superior Court, Appellate Division. Plaintiff filed an appeal to the New Jersey Superior Court, Appellate Division but subsequently withdrew her appeal. *Seward v. Southbrook Garden Apts.*, No. A 001828-09T1 (N.J. Super. Ct. App. Div. Feb. 18, 2010).

On January 7, 2010, Plaintiff filed a complaint against the DCR in the New Jersey

---

[1] Salem Management Company currently does business as Gold Enterprises Property Management, which is one of the named Defendants in the instant matter.

Superior Court, Law Division, alleging violations of the NJ LAD. *Seward v. Southbrook Garden Apts.*, No. MON-L-0165-10 (N.J. Super. Ct. Law. Div. July 9, 2010). The DCR filed a motion to dismiss for failure to state a claim upon which relief could be granted. On April 6, 2010, the trial court dismissed Plaintiff's complaint.

On March 1, 2010, Plaintiff filed the complaint that generated the present matter in the United States District Court for the District of New Jersey. In her Complaint, Plaintiff alleged general violations of her civil rights, referencing the United States Constitution, the Fair Housing Act ("FHA"), and the NJ LAD. Defendant Southbrook filed its motion to dismiss on June 6, 2011 and the DCR subsequently filed its own motion to dismiss on January 13, 2010.

II

Federal Rule 12(b)(6) allows a court to dismiss a complaint when the plaintiff fails to state a claim upon which relief can be granted. When evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must accept all allegations in the pleading as true, must draw all reasonable inferences that can be drawn therefrom, and view such allegations and inferences in the light most favorable to the non-moving party. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 (3d Cir. 1994). A cause of action should be dismissed only if the alleged facts, taken as true, fail to state a plausible claim. *Iqbal*, 129 S. Ct. at 1950.

While a court will accept well-pleaded allegations as true for the purposes of a motion to dismiss for failure to state a claim, a court will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). On the

contrary, the pleadings must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010). A party must set forth "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949. When evaluating a motion to dismiss, "courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of the claim." *Lum v. Bank of Am.,* 361 F.3d 217, 222 n.3 (3d Cir. 2004). "While a prior judicial opinion constitutes a public record of which a court may take judicial notice, it may do so on a motion to dismiss only to establish the existence of the opinion, not for the truth of the facts asserted in the opinion." *Id.*

### III

The Court lacks jurisdiction over Plaintiff's claims filed in this action based on the *Rooker–Feldman* doctrine. *See Rooker-Feldman v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The *Rooker–Feldman* doctrine bars federal district courts from exercising jurisdiction over a case that is the functional equivalent of an appeal from a state court judgment. *Marran v. Marran*, 376 F.3d 143, 149 (3d Cir. 2004). "A case is the functional equivalent of an appeal from a state court judgment in two instances: (1) when the claim was actually litigated before the state court; or (2) when the claim is inextricably intertwined with the state adjudication." *Id.* A claim is inextricably intertwined with the state court adjudication when federal relief can only be predicated upon a conviction that the state court was wrong or must take action that would render the state judgment ineffectual. *Id.* at 150.

The Supreme Court of New Jersey has held that a determination of the DCR is a "final order." *Hernandez v. Region Nine Hous. Corp*. 684 A.2d 1385, 1389. (N.J. 1996). A finding of

4

no probable cause by the Director of the DCR, based upon a review of the investigative findings, is considered a final order. N.J. Admin. Code § 13:4-10.2.  A final order in either the DCR or the Superior Court of New Jersey precludes the complainant from bringing "any other action, civil or criminal, based on the same grievance." *Hernandez*, 684 A.2d at 1390 (quoting N.J. Stat. Ann. § 10:5-27).  The Supreme Court of New Jersey has held that the New Jersey Superior Court, Appellate Division has exclusive jurisdiction over review of final agency actions. *Central R.R. v. Neeld*, 139 A.2d 110, 117 (N.J. 1958).

In the instant matter, Plaintiff asserts claims arising from the defendants' violations of the NJ LAD, but the NJ LAD was the subject of the DCR proceedings.  The DCR investigated this matter and concluded that no probable cause existed.  In order for this Court to grant any of the relief Plaintiff seeks, the Court would be required to review the decision of the DCR.  Such a review would necessitate this Court passing judgment on the soundness of the DCR's actions, reasoning, and resolution of the underlying proceedings.  Such review is intended for the appellate process, not this Court.  Moreover, although Plaintiff's complaint names additional defendants, it is clear that the essence of Plaintiff's claims involves the actions taken by DCR officials.  Therefore, the Court finds that Plaintiff's claims are inextricably intertwined with the DCR's findings because the federal relief sought by Plaintiff "can only be predicated upon a conviction that the [DCR] was wrong." *See Marran*, 376 F.3d at 150.

Separately, there are three additional reasons to dismiss portions of this complaint.  First, Plaintiff's claims against the State of New Jersey Division on Civil Rights are barred by sovereign immunity. *See* U.S. Const. amend. XI; *Alden v. Maine*, 527 U.S. 706, 712-13 (1999).  Sovereign immunity bars suits where, as here, the state is the real, substantial party in interest. *Bennett v. Atlantic City*, 288 F. Supp. 2d. 675, 679 (D.N.J. 2003).  Second, Plaintiff's § 1983

claims against the private defendants (Southbrook, Gold Enterprises-Property Management, and Kia Parada) are not cognizable. *See* 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff . . . must show that the alleged deprivation was committed by a person acting under color of state law").  Third, Plaintiff's pleading generally fails to meet the requirements of Rule 8 of the Federal Rules of Civil Procedure.  In order to state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2).  Plaintiff's complaint is exceedingly unclear, as it is impossible to determine the precise causes of action that Plaintiff asserts. *See generally* Compl.  Plaintiff's complaint fails to meet the Rule 8 standard and is subject to Rule 12(b)(6) dismissal on this separate ground. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009).

ORDER

This matter having come before the Court on defendants' motions to dismiss [Docket Entry Nos. 15, 35], and this Court having considered the parties' submissions and decided the matter on the record without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons stated above;

IT IS on this 28th day of March, 2012,

ORDERED that defendants' motions to dismiss are granted; and

ORDERED that Plaintiff's complaint is dismissed and the case is closed.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.